ROBBINS v. STEVENSON & HORD.

MAY TERM, 1838.

Where, plaintiff suffers a non-suit, and makes no motion to set it aside, and no bill of exceptions is taken, the supreme court cannot undertake to reverse the decision of the court below, whatever may have been the merits of the plaintiff.

Robbins
v.
Stevenson & Hord.

ERROR to the circuit court of Cooper county.

TOMPKINS, Judge, delivered the opinion of the court.

Robbins brought his action of trespass in the circuit court of Cooper county against Stevenson and Hord. They pleaded in justification, that the trespass, alleged in the declaration to have been committed, was the act of the sheriff, under the authority of a writ of attachment issued out of the circuit court. The plaintiff replied, that the writ of attachment was issued before any bond was filed, as required by the act of the assembly. To this replication the defendant demurred, and the entry on the record is this: "The parties by their attornies came, and the demurrer filed in this cause being argued, was sustained by the court, and this cause is continued until the next term of this court." At the next term of the court, the plaintiff suffers a non-suit, and now he prosecutes his writ of error to reverse the judgment of the circuit court.

There is no motion appearing on the record to set aside the judgment of non-suit; indeed, there is no bill of exceptions; and the plaintiff has brought up nothing on which this court can act. Had he desired to have the opinion of this court on the issue of law made in the pleading, a judgment ought to have been entered up against him on the demurrer. This was not done, but he continues his case till the next term, as if he intended at that time to get leave to amend his pleadings; and when the next term comes, he voluntarily goes out of court. No reason occurs to me why the judgment of the circuit court ought not to be affirmed; and the rest of the court concurring in this opinion, it is affirmed.

Where pltf. suffers a non-suit, and makes no motion to set it aside, and no bill of exceptions is taken, the sup. ct. cannot undertake to reverse the decision of the court below, whatever may have been the merits of the plaintiff.